**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CEDRIC CULPEPPER,

        **Petitioner,**           **Case No.  6:07-cv-497-Orl-22DAB**

-vs-                      **(6:04-cr-51-Orl-22DAB)**

UNITED STATES OF AMERICA,

        **Respondent.**

_____

**ORDER**

      This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), and an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 16), filed by Cedric Culpepper.  The Government filed a response addressing the two claims raised in the original section 2255 motion as well as the additional claim raised in the amended motion (Doc. 10).[1]  Thereafter, Petitioner filed a reply (Doc. 12) to the Government's response.

      All three claims raised by Petitioner are premised on his attorney's alleged ineffective assistance of counsel.

**I.**    ***Procedural History***

      Petitioner was indicted by a Grand Jury on two counts of knowingly and intentionally possessing with intent to distribute, and distribution of, cocaine base, commonly known as "crack"

_____

[1] While the amended section 2255 motion was not filed until after the Government's response, the Government was on notice of the claim to be raised in the amended motion prior to filing its response, as Petitioner had set forth the additional claim in his earlier motion to amend (Doc. 5).

cocaine. (Criminal Case No. 6:04-cr-51-Orl-22DAB, Doc. 1, filed March 24, 2004).[2] Petitioner

entered a plea of guilty as to both counts of the indictment without a written plea agreement. *See*

Criminal Case Doc. 34. A sentencing hearing was conducted, and Petitioner was sentenced to two

188-month terms of imprisonment, each to run concurrently (Criminal Case Doc. 51). Petitioner

filed a notice of appeal, and the Eleventh Circuit issued an unpublished opinion affirming

Petitioner's convictions and sentences. *See* Criminal Case Doc. 65.

## II.      Claims One, Two and Three

Petitioner maintains that he received ineffective assistance of counsel because his attorney:

(1) failed to investigate whether the Bureau of Prisons would give Petitioner the proper care for

his kidney disease; (2) failed to appeal the district court's denial of a downward departure at

sentencing; and (3) failed to challenge the district court's application of the career offender

sentencing enhancement to his case.

## A.      The Legal Standard

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the

two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective

assistance of counsel." *Id*. at 58. The United States Supreme Court in *Strickland v. Washington*,

466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is

entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of

the *Strickland* test requires that Petitioner demonstrate that counsel's performance was deficient

and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong of the

---

[2] Criminal Case No. 6:04-cr-51-Orl-22DAB will be referred to as "Criminal Case."

*Strickland* test requires Petitioner to show that the deficient performance prejudiced the defense.[3]

*Id*. at 687.  A court must indulge a strong presumption that counsel's conduct falls within the wide

range of reasonably professional assistance.  *Id*. at 689-90.

**B.     Claim One**

In claim one, Petitioner maintains that his attorney failed to investigate whether the Bureau

of Prisons was capable of treating Petitioner's kidney ailment and, thus, failed to present evidence

indicating that the medical facility at which Petitioner is now incarcerated does not offer him

adequate medical care.  Had the district court been properly informed of this fact, Petitioner claims,

the Court would likely have granted him a downward departure from the recommended sentence

under the Sentencing Guidelines.

The Court notes that Petitioner's claim appears to be a complaint regarding inadequate

prison medical treatment cloaked as an ineffective assistance of counsel claim.  To the extent

Petitioner's claim merely seeks relief from the alleged inadequacies of the medical treatment he

and other inmates are receiving at the Medical Center for Federal Prisoners, such a claim cannot

be raised here.  As the Government correctly notes, complaints regarding the conditions of

confinement are generally not cognizable in a section 2255 motion.  *Fernandez v. U.S.*, 941 F.2d

1488 (11th Cir. 1991) (finding that section 2255 was not applicable to petitioner's claim that he

was not receiving adequate medical care for his heart condition).

---

[3] In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59 (footnote omitted).

With regard to any potential ineffectiveness claim on this issue, the record in this case shows that the defense attorney submitted a detailed motion for downward departure (Criminal Case Doc. 42) on behalf of Petitioner prior to the sentencing date.  In the motion, the attorney outlined each of Petitioner's medical conditions, as well as all of the medications Petitioner was receiving.  *See* Criminal Case Doc. 42, Ex. A.  Attached to the motion were two articles, one detailing the treatment options for patients with kidney disease, Criminal Case Doc. 42, Ex. B, and the other setting forth ten facts related to kidney disease (Criminal Case Doc. 42, Ex. C).  Petitioner's attorney subsequently filed a supplement to the motion for downward departure, which included a letter from the Medical Director at John E. Polk Jail detailing Petitioner's medical conditions, Criminal Case Doc. 47, Ex. A, as well as an additional document describing end-stage renal disease (Criminal Case Doc. 47, Ex. B).  At the sentencing hearing, the attorney presented additional arguments regarding Petitioner's prognosis, as well as the projected cost of treating Petitioner during his term of incarceration.  *See* Criminal Case Doc. 58 at 5-6.  Thus, the defense attorney appears to have reasonably, if not thoroughly, investigated Petitioner's medical condition as a basis for downward departure.

Notably, Petitioner provides no concrete evidence that the Bureau of Prisons has actually refused to perform a kidney transplant.  Nor has Petitioner shown that, if indeed the Bureau will not perform a kidney transplant in his case, his attorney could have learned of this fact prior to his sentencing.  Petitioner must provide evidence, not mere conclusory allegations, that counsel overlooked facts pertinent to the motion.  *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991); *cf. Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (speculation insufficient to carry the burden of habeas corpus petitioner as to what evidence

could have been revealed by further investigation).  Therefore, the Court cannot find that the attorney's performance with respect to the motion for downward departure was in any way deficient.  Furthermore, Petitioner has not demonstrated that the alleged deficiencies in counsel's performance in any manner prejudiced him.  His assertion that the Court would have departed downward based on this information is nothing more than sheer speculation.  Claim one must be denied.

### C.      *Claim Two*

Petitioner next contends that his attorney failed to raise the district court's denial of Petitioner's motion for downward departure on appeal, and, thus, rendered ineffective assistance.  In this regard, Petitioner maintains that a meritorious argument on this issue could have been set forth by his attorney, but his attorney "ignor[ed] the petitioner['s] wishes to appeal the court decision."  Doc. 1 at 5.

It is undisputed that the defense attorney did not raise the issue of the district court's denial of Petitioner's motion for downward departure on appeal.  Nonetheless, an attorney is not required to raise every nonfrivolous claim pressed by the client, for "[a] brief that raises every colorable issue runs the risk of burying good arguments - those that . . . 'go for the jugular,' . . .in a verbal mound made up of strong and weak contentions."  *Jones v. Barnes*, 463 U.S. 745, 753 (1983) (citation omitted).  "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy . . . ."  *Id*. at 754.  Even so, an attorney's omission of a particular issue on appeal must still be considered in light of *Strickland*.  *Smith v. Robbins*, 528 U.S. 259, 288-89 (2000).

In this instance, the Court finds that the attorney's decision not to contest the Court's denial of a downward departure on appeal was entirely reasonable, given the controlling legal precedent in this circuit.  In *U.S. v. Calderon*, 127 F.3d 1314 (11th Cir. 1997), the Eleventh Circuit held that it has no jurisdiction to review a district judge's discretionary decision to grant a downward departure unless the decision was based on a belief that he or she did not possess such discretion. *Id*. at 1342.  In the instant case, the Court clearly acknowledged its discretion to grant the downward departure at the sentencing hearing (Criminal Case Doc. 58 at 8) ("Well, I'm going to deny the request for a downward departure.  I think this is not the type of situation that would cause the Court to exercise its discretion departing downward based on his medical condition.").  Based on this record, Petitioner's attorney could reasonably have decided that contesting the Court's denial of a downward departure would be futile and that presenting other stronger arguments would render the appeal more effective.  Indeed, counsel intimated in a footnote in Petitioner's appeal brief that he was not challenging the district court's denial of a downward departure because it would be futile to do so in light of circuit precedent. *See* Doc. 10, Ex. A n.5.  Counsel's acknowledgment in this regard evidences a careful consideration and a reasoned rejection of the claim.  Therefore, the Court cannot say that the attorney's decision to forgo the downward departure issue on appeal was in any way deficient.

Further, Petitioner has not shown prejudice in this instance.  In fact, in light of *Calderon*, Petitioner is particularly hard-pressed to show that the Eleventh Circuit would have determined his appeal differently had the downward departure issue been raised by his attorney.  Claim two must be denied.

**D.     *Claim Three***

Finally, Petitioner alleges that his attorney rendered ineffective assistance by failing to challenge one of the grounds on which the district court based its application of the career offender sentence enhancement.[4] Petitioner maintains that his attorney should have argued that Petitioner's entry of *nolo contendere* in response to a prior drug offense charge does not constitute a prior conviction for purposes of the career offender enhancement provision. Had his attorney made such an argument, Petitioner contends, the Court would not have deemed him a career offender for purposes of sentencing, and he would have received a lower sentence.

Petitioner's reliance on the Eleventh Circuit's opinion in *United States v. Willis*, 106 F.3d 966 (11th Cir. 1997), for the assertion that a *nolo* plea is not a conviction for purposes of the career offender enhancement, is misguided. As the Government correctly points out, under the Eleventh Circuit's subsequent holding in *United States v. Fernandez*, 234 F.3d 1345, 1347 (11th Cir. 2000), a prior state court *nolo contendere* plea can be used as a conviction to render Petitioner eligible for career-offender status under the Sentencing Guidelines. In *Fernandez*, the court distinguished *Willis*, clarifying that its holding in *Willis* was limited to the court's interpretation of the word "conviction" in the context of 18 U.S.C. § 922(g)(1), pertaining to unlawful acts involving

---

[4] Intertwined with this ineffective assistance claim is a claim that the district court erred in allowing the *nolo* plea to be used to enhance Petitioner's sentence under the career-offender provisions of the Sentencing Guidelines. The Court notes that Petitioner did not raise this issue on appeal, and, as such, the substantive claim is procedurally barred. "[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. U.S.*, 365 F.3d 1225, 1234 (11th Cir.) (citations omitted), *cert. denied*, 543 U.S. 891 (2004); *Mills v. U.S.*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995). The Court further notes that Petitioner has neither alleged nor demonstrated any of the exceptions to the above rule. As such, the substantive portion of this claim must be denied.

firearms.  In the context of the Sentencing Guidelines, however, the court deemed the rule it had earlier adopted in *United States v. Jones*, 910 F.2d 760, 761 (11th Cir. 1990) (criminal defendant's prior *nolo* plea on a state charge was considered a conviction for purposes of Section 4B1.1 of the Sentencing Guidelines), controlling.  Because this case is concerned with the application of the Sentencing Guidelines to Petitioner's case, the rule announced in *Jones*, and later endorsed in *Fernandez*, applies.  Therefore, because Petitioner's prior *nolo* plea in state court does indeed constitute a conviction for purposes of the career-offender sentencing enhancement, his attorney did not act unreasonably in failing to object to its use by the Court in calculating the enhancement. Petitioner has failed to demonstrate that his attorney's performance was deficient in this regard.

Further, Petitioner has failed to show prejudice.  Considering the Eleventh Circuit's holding in *Fernandez*, Petitioner was properly characterized as a career offender.  His attorney's objection to the use of his prior *nolo* plea to enhance his sentence would have done nothing more than delay the proceedings.  Consequently, claim three must be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Cedric Culpepper (Doc. 16) is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

3.      The Clerk of Court shall enter judgment accordingly and is directed to close this case.  A certified copy of this Order and the judgment shall also be filed in criminal case number 6:04-cr-51-Orl-22DAB.

4.      The Clerk of Court is directed to terminate the § 2255 motion (Criminal Case Doc. 66) filed in the criminal case number 6:04-cr-51-Orl-22DAB.

-8-

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 12, 2008.

Copies furnished to:

Counsel of Record
Pro Se Party

ANNE C. CONWAY
United States District Judge